United States Court of Appeals
 For the First Circuit
 

No. 93-1410

 THOMAS WELSH,

 Plaintiff, Appellant,

 v.

 EDWARD J. DERWINSKI, SECRETARY OF VETERANS AFFAIRS,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Stahl, Circuit Judge,
 
 Aldrich and Campbell, Senior Circuit Judges.
 

 

Ernest C. Hadley for appellant.
 
Roberta T. Brown, Assistant United States Attorney, with whom A.
 
John Pappalardo, United States Attorney, was on brief for appellee.
 

 

 January 18, 1994
 

 Per Curiam. In this appeal, plaintiff-appellant
 

Thomas Welsh challenges the district court's determination

that he had not suffered retaliation actionable under the Age

Discrimination Employment Act ("ADEA"). We affirm.

 In 1987, plaintiff became coordinator of the

Brockton-West Roxbury Veterans Administration Medical

Center's ("VA Medical Center's") Key Club, an outpatient

recreational therapy program. His job classification at that

time was General Service ("GS") level 6. In February 1989,

believing that he was performing duties above the level of

GS-6, plaintiff sought an upgrade of his job classification

by requesting a "desk audit."1 The audit was not performed

until May 1989.

 Meanwhile, in March 1989, maintaining that he was

being denied an upgrade because of age and disability

discrimination2, plaintiff filed an informal complaint with

the Equal Employment Opportunity Commission ("EEOC").3

 

1. In a desk audit, a Personnel Specialist interviews the
employee and his/her supervisor and determines (1) whether
the employee's job description accurately depicts the work
performed by the employee, and (2) whether the job is
classified at the proper GS level.

2. Plaintiff has a heart condition and is a recovering
alcoholic.

3. The charges in plaintiff's informal complaint formed the
basis for a formal EEOC complaint filed by plaintiff in June
1989, and for plaintiff's non-retaliation discrimination
claims in the instant lawsuit. The district court granted
defendant summary judgment on these claims in June 1991.
Plaintiff does not appeal from this ruling. 

 -2-
 2

Plaintiff asserts that, as a result of his filing this

complaint, he suffered the following forms of retaliation:

(1) an unpleasant discussion with his supervisor regarding

the filing of the complaint; (2) a reassignment from the Key

Club position to a job working in an inpatient setting; (3)

an unfounded accusation by his supervisor that he had

misappropriated funds in connection with a Key Club

Thanksgiving dinner; (4) a reprimand from his supervisor for

a previously approved absence from an awards dinner; and (5)

a reduction in duties prior to the desk audit, thus

eliminating the potential of a status upgrade. These five

incidents formed the basis for his retaliation claim.

 In addition to granting summary judgment on

plaintiff's non-retaliation discrimination claims, see supra
 

note 3, the district court also ruled, at the summary

judgment stage, that the first four of the above-named

incidents did not give rise to a retaliation claim under the

ADEA. However, the court found that the issue of whether the

reduction in plaintiff's duties prior to the desk audit

violated the ADEA's retaliation provision, 29 U.S.C. 

623(d),4 was triable. 

 

4. In pertinent part, 29 U.S.C. 623(d) provides:

 It shall be unlawful for an employer to
 discriminate against any of his employees or
 applicants for employment . . . because such
 individual . . . has opposed any practice made
 unlawful by [the ADEA], or because such individual

 -3-
 3

 We consider only this last claim to be raised.5 

Defendant Secretary argues that a reduction in duties could

not be an "adverse employment action" giving rise to a claim

under Section 623(d) under Connell v. Bank of Boston, 924
 

F.2d 1169, 1179 (1st Cir.), cert. denied, 111 S. Ct. 2828
 

(1991). There, applying the rule that where there is no

direct evidence of retaliation, a plaintiff must demonstrate,

inter alia, that s/he suffered an "adverse employment action"
 

in order to make out a prima facie showing of retaliation, we

said, with respect to that phrase, "Most cases involving a

retaliation claim are based on an employment action which has

an adverse impact on the employee, i.e., discharge, demotion,

or failure to promote." 924 F.2d at 1179. 

 The Secretary points to the letters "i.e." and

reads into them a ruling that only discharge, demotion, or

failure to promote can constitute an adverse employment

action within the Act. We do not agree. Concededly, not

every unpleasant matter short of those listed in Connell,
 

 

 . . . has made a charge, testified, assisted, or
 participated in any manner in an investigation,
 proceeding, or litigation under [the ADEA].

5. Plaintiff also generally contends, without explanation,
that, "unlike the plaintiff in Connell," he was harmed by the
 
other alleged instances of retaliation cited above. We have
repeatedly warned litigants that issues adverted to in a
perfunctory manner and without developed argumentation are
deemed waived on appeal. E.g., United States v. Innamorati,
 
996 F.2d 456, 468 (1st Cir. 1993). Here, plaintiff's
attempts to distinguish Connell with regard to the other
 
alleged instances of discrimination are perfunctory.
Accordingly, we regard them as waived.

 -4-
 4

supra creates a cause of action, but many things, such as
 

constant rudeness, conspicuous discriminatory acts, etc.,

could have an adverse effect upon employment. Within

reasonable limits, in order to arrive at a determination, a

case by case review is necessary. With respect, we take the

court's "i.e." as an inadvertency for "e.g.", or, at most,

dictum far beyond the opinion that, after consideration, we

feel we do not have to recognize. We say this fully

realizing that, as newly constituted panels we are normally

bound by prior panel decisions on point. E.g., Broderick v.
 

Roache, 996 F.2d 1294, 1298 (1st Cir. 1993). Further support
 

for our reading of Connell, appears from that panel's
 

reference to "most cases" and to reliance upon precedent

pointing to incidents beyond mere "discharge, demotion, or

failure to promote."

 The fact, however, that the action taken in this

case could survive a motion for summary judgment does not

mean that the court could not thereafter weigh it.

Plaintiff's complaint was that the reduction in his duties

meant that he would not be eligible for an upgrade in his

status. As to this claim, the court made a finding, not here

challenged, that plaintiff would not have received such an

upgrade in any event. On this basis the court's finding that

plaintiff failed to make a prima facie showing of adverse

employment action must stand. And, as we have made clear,

plaintiff cannot make out a prima facie case of retaliation

 -5-
 5

without showing such adverse action. See Connell, 924 F.2d
 

at 1179. 

 Accordingly, we affirm the court's entry of

judgment against plaintiff on his retaliation claim.6

 

6. Because we affirm the court's ruling that plaintiff did
not make out a prima facie case of retaliation, we need not
reach plaintiff's challenge to the district court's
alternative finding regarding pretext.

 -6-
 6